UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-80797-CIV-HURLEY/HOPKINS

SHERRY BARKOSKIE,

      Plaintiff,

v.

PRESIDION SOLUTIONS, INC.,
PRESIDION SOLUTIONS VII, INC., and
CCI OF WEST BOCA RATON, INC.
d/b/a DENNY'S,

      Defendants.

_____/

## DEFENDANTS' UNOPPOSED MOTION FOR MODIFICATION OF THE COURT'S ORDER, DATED OCTOBER 11, 2007, OR, IN THE ALTERNATIVE, FOR CONTINUANCE AND INCORPORATED MEMORANDUM OF LAW

Defendants, Presidion Solutions, Inc. and Presidion Solutions VII, Inc. (collectively, "PSI"), and CCI of West Boca, Inc. ("CCI"), pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, hereby file this unopposed motion for modification of the Court's Order Setting Trial Date & Discovery Deadlines, Referring Case to Mediation & Referring Discovery to United States Magistrate Judge, dated October 11, 2007, or, in the alternative, pursuant to Rule 7.6 of the Local Rules of the United States District Court for the Southern District of Florida, for a continuance of trial, and state as follows:

1.      On September 4, 2007, the defendants, PSI and CCI, filed their Joint Notice of Removal, removing the present action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. (Dkt. 1)

2.      On October 11, 2007, the Court issued its *sua sponte* Order Setting Trial Date & Discovery Deadlines, Referring Case to Mediation & Referring Discovery to United States Magistrate Judge. (Dkt.3)

3.      The Court's Order of October 11th put this action for trial on the March 2008 Trial Calendar, which commences on Monday, March 3, 2008, and ordered counsel for all parties to appear at a calendar call commencing at 2:00 p.m. on Friday, February 22, 2008. Id. at 1.

4.      The Court's Order of October 11th also set the following pre-trial deadlines, noting that they shall apply "[u]nless amended by subsequent order....": Rule 14 and 19 Motions, 120 days before calendar call (i.e., Thurs., Oct. 25, 2007); Rule 26(a)(2) Expert Testimony Disclosures and Summary Judgment Motions, 90 days before calendar call (i.e., Mon., Nov. 26, 2007); Mediation Conference, 60 days before calendar call (i.e., Mon., Dec. 24, 2007); Rule 26(a)(3) Witness and Exhibit List Exchange, 30 days before calendar call i.e., Wed., Jan. 23, 2008); Discovery Cutoff, 10 days before calendar call (i.e., Tues., Feb. 12, 2008); Motions in Limine, Pretrial Stipulation and Exhibit Inspection, 5 days before calendar call (i.e., Mon., Feb. 18, 2008). Id. at 2.

5.      For the following reasons, more time is required in order for PSI to have a reasonable opportunity to timely comply with the Court's pre-trial deadlines and prepare for trial:

        A.      PSI is presently under Grand Jury Subpoenas to produce its records
        and has agreed, in order to protect the chain of custody and integrity of information,
        to scan and copy its records before anyone can review the documents. (See Aff. of
        Shane Williams, Records Custodian of PSI, attached hereto as Ex. A, at ¶ 3.);

        B.      All records in PSI's possession are currently in the process of being
        transferred from PODS storage units, which are located in PODS secured storage

facilities in various locations throughout the State of Florida, to a central storage facility in the Orlando area where the documents will be processed and scanned into a document imaging program. (Id. at ¶ 4);

      C.     There are estimated to be approximately 16 million documents that need to be scanned (Id.), most of which have nothing to do with the present action;

      D.     These documents were recovered from various PSI offices as part of lease termination and eviction processes, and are not currently in a readily accessible or reviewable format. (Id. at ¶ 5);

      E.     Some of these documents have already been transferred to the central storage facility, and the remainder will be transferred to it by approximately November 15, 2007, where the processing and scanning will take place. (Id. at ¶ 6);

      F.     The first wave of processing and scanning is expected to take place within the next four to six weeks, but the entire process will not be completed until approximately February 2008. (Id. at ¶ 7); and

      G.     Until the processing and scanning is completed, there is no convenient method by which documents relevant to this action can be readily located or retrieved. (Id. at ¶ 8).

6.     Given the foregoing factors, justice requires that the Court modify its Order of October 11th and/or continue trial. Otherwise, PSI will be effectively deprived of any meaningful opportunity to timely comply with the pre-trial deadlines and prepare for trial.

7.     The present action involves claims against the defendants for their alleged failure to pay overtime wages to the plaintiff as required by the Fair Labor Standards Act and the defendants'

allegedly retaliatory acts in response to plaintiff's alleged complaints about the supposed failure by them to pay overtime. (Dkt. 1 at Ex. A, Pl.'s Compl.)

8.      Such disputes are typically document-intensive and turn heavily upon what the plaintiff's time and wage records provide.

9.      Accordingly, PSI and CCI are requesting that the Court enter an Order modifying its prior Order of October 11th, or continuing trial, such that this action is moved from the May 2008 Trial Calendar to the July 2008 Trial Calendar (or next available Trial Calendar after July 2008), so that counsel for PSI will be able to retrieve and review the relevant documents contained in PSI's storage facility and then timely comply with the pre-trial deadlines and prepare for trial.

10.     Undersigned counsel for PSI represents that the retrieval and review process will take place in as expedient a manner as possible, so as not to delay PSI's timely compliance with the pre-trial deadlines and preparation for trial.

11.     While PSI will be extremely prejudiced if the Court's prior Order of October 11th is not modified or trial of this action is not continued, no party will be prejudiced by modifying the Court's prior Order of October 11th or continuing the trial as requested herein.

12.     CCI further states that the relief requested herein is warranted because the parties are exploring an amicable resolution to this matter which may render further litigation unnecessary and further require additional time to identify who else may be responsible parties in this case for purposes of complying with the Court's first deadlines (i.e., Rule 14 and Rule 19 motions).

13.     Undersigned counsel for the movants have conferred with all parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues raised in the Motion and are authorized to represent that Christopher D. Gray, counsel for the plaintiff, Sherry Barkoskie, and his client, do not oppose and, indeed, consent to the relief requested herein.

WHEREFORE, PSI and CCI respectfully request that the Court enter an Order modifying its prior Order of October 11th. or, in the alternative, continuing trial, such that this action is moved from the May 2008 Trial Calendar to the July 2008 Trial Calendar (or next available Trial Calendar after July 2008), as contemplated by the proposed Order attached hereto as Exhibit B.

### Memorandum of Law

In accordance with Local Rule 7.1.A of the Local Rules of the United States District Court for the Southern District of Florida, PSI and CCI submit the following Memorandum of Law in support of the foregoing Motion:

A District Court has the inherent power to afford relief from its interlocutory orders as justice requires. Greene v. Union Mut. Life Ins. Co. of America, 764 F.2d 19, 22 (1st Cir. 1985) (citing, *inter alia*, Notes of Advisory Committee on Rules, Fed. R. Civ. P. 60(b), for the proposition that "[i]nterlocutory judgments are not brought within the restrictions of [Rule 60(b)], but rather they are left subject to the complete power of the court rendering them to afford such relief as justice requires"); see also Fed. R. Civ. P. 16(e) (providing, in pertinent part, that pretrial scheduling orders "shall control the subsequent course of the action unless modified by a subsequent order.")

In the present action, the Court's *sua sponte* Order of October 11th expressly notes that the pre-trial deadlines set forth in it shall apply "[u]nless amended by subsequent order...." (Dkt. 3)

Thus, the Court not only has the inherent power to modify its Order of October 11th as a matter of law, it also has expressly acknowledged that power in the language of its prior Order; and, as more fully explained in the foregoing Motion and the attached Affidavit of Shane Williams, Records Custodian for PSI, the circumstances are such that justice requires modification of the Court's Order of October 11th. Otherwise, PSI will not have time to scan, locate and retrieve, much

less review and evaluate, the documents that need to be located, reviewed and evaluated in order for

PSI to timely comply with the court's various pre-trial deadlines and prepare for trial.

If, for whatever reason, the Court is not inclined to modify its prior Order of October 11th, it

should nonetheless enter an Order continuing the trial of this action until no earlier than its July

2008 Trial Calendar.

Local Rule 7.6 of the Local Rules of the United States District Court for the Southern

District of Florida provides:

> A continuance of any trial, pretrial conference, or other hearing will be granted only
> on exceptional circumstances. No such continuance will be granted on stipulation of
> counsel alone. However, upon written notice served and filed at the earliest practical
> date prior to the trial, pretrial conference, or other hearing, and supported by
> affidavit setting forth a showing of good cause, a continuance may be granted by the
> Court.

As set forth in the foregoing Motion and the attached Affidavit of Shane Williams, Records

Custodian for PSI, the circumstances of the present action are exceptional in nature and good cause

exists for continuing the trial. PSI is presently under Grand Jury Subpoenas with which it must first

comply before it can scan, locate and retrieve, much less review and evaluate, the documents that

need to be located, reviewed and evaluated in order for PSI to timely comply with the court's

various pre-trial deadlines and prepare for trial.

The parties are also still in the process of identifying who else may be responsible parties in

this case for purposes of complying with the Court's first deadlines (i.e., Rule 14 and Rule 19

motions).

For the foregoing reasons, PSI and CCI respectfully request that the Court enter an Order

modifying its prior Order of October 11th or, in the alternative, continuing trial, such that this action

is moved from the May 2008 Trial Calendar to the July 2008 Trial Calendar (or next available Trial

Calendar after July 2008), as contemplated by the proposed Order attached hereto as Exhibit B.

Gregory C. Harrell (Fla. Bar No. 0173975)
gharrell@mateerharbert.com
Mateer & Harbert, P.A.
7 E. Silver Springs Blvd., Suite 500
Ocala, Florida 34470
Telephone: (352) 351-8003
Facsimile: (352) 351-9002
Attorneys for Defendants Presidion Solutions,
Inc. and Presidion Solutions VII, Inc.

York M. Flik (Fla. Bar No. 101109)
yflik@anblaw.com
Allen Norton & Blue
121 Majorca Ave., Suite 300
Coral Gables, Florida 33134
Telephone: (305) 445-7801
Facsimile: (305) 442-1578
Attorneys Defendant CCI of West
Boca, Inc.

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by e-mail and U.S. Mail on this 25 day of October, 2007, on all counsel or parties of record on the service list below.

Gregory C. Harrell

### Service List

CASE NO: 07-80797-CIV-HURLEY/HOPKINS

Christopher D. Gray (Fla. Bar No. 902004)
cdg@florinroebig.com
Wolfgang M. Florin (Fla. Bar No. 907804)
wmf@florinroebig.com
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Telephone: (561) 989-5414
Facsimile: (561) 989-5416
Attorneys for Plaintiff

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-80797-CIV-HURLEY/HOPKINS

SHERRY BARKOSKIE,

      Plaintiff,

v.

PRESIDION SOLUTIONS, INC.,
PRESIDION SOLUTIONS VII, INC., and
CCI OF WEST BOCA RATON, INC.
d/b/a DENNY'S,

      Defendants.

_____/

## AFFIDAVIT OF SHANE WILLIAMS

STATE OF FLORIDA

COUNTY OF ORANGE

      BEFORE ME, the undersigned authority, personally appeared SHANE WILLIAMS, who, after being first duly sworn, deposes and says:

      1.    My name is SHANE WILLIAMS and I have personal knowledge of the matters stated herein. I am over the age of eighteen (18) years of age and am competent to give this Affidavit.

      2.    I am the records custodian for Presidion Solutions, Inc. and Presidion Solutions VII, Inc. (collectively, "PSI").

      3.    PSI is presently under Grand Jury Subpoenas to produce its records and has agreed in order to protect chain of custody and integrity of information to scan and copy its records before anyone can review the documents. Copies of the Grand Jury Subpoenas are attached hereto as composite Exhibit "1".

      4.    All records in PSI's possession are currently in the process of being transferred from PODS storage units, which are located in PODS secured storage facilities in various locations throughout the state of Florida, to a local storage facility in the Orlando area where the documents will be processed and scanned into a document imaging program. There are estimated to be approximately 16 million documents that need to be scanned.



5.    These documents were recovered from various PSI offices as part of lease termination and eviction processes, and are not currently in a readily accessible or reviewable format.

6.    Some of these documents have already been transferred to the local storage facility, and the remainder will be transferred to the local storage facility by approximately November 15, 2007, where the processing and scanning will take place.

7.    The first wave of processing and scanning is expected to take place within the next four to six weeks, but the entire process will not be completed until approximately February 2008.

8.    Until the processing and scanning is completed, there is no convenient method by which documents relevant to the instant proceeding can be readily located or retrieved.

9.    Because of the Grand Jury Subpoena, and under advice of counsel, the documents cannot be released for review prior to completion of this process.

FURTHER AFFIANT SAYETH NOT.

_____
SHANE WILLIAMS

Sworn to and subscribed before me on this _23rd_ day of October, 2007, by SHANE WILLIAMS, who is _personally_ _known_ _to_ _me_ or · produced _____ as identification.

SCOTT M. GOLDBERG
MY COMMISSION # DD511730
EXPIRES: February 10, 2010
1-800-3-NOTARY    FL Notary Discount Assoc. Co.

_____
Notary Public
State of Florida
My Commission Expires:

2

AO 110 (Rev. 12/89) Subpoena to Testify Before Grand Jury

USAO No. 2006R01957
Subpoena No. 37

# United States District Court

MIDDLE ———— DISTRICT OF ———— FLORIDA
ORLANDO DIVISION

TO:

PRESIDION SOLUTIONS, INC.
RECORDS CUSTODIAN
1861 N. FEDERAL HWY., SUITE 158
HOLLYWOOD, FL  33020

## SUBPOENA TO TESTIFY
## BEFORE GRAND JURY

SUBPOENA FOR:
☐ PERSON    ☒ DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| United States District Court<br>80 North Hughey Avenue<br>Orlando, Florida 32801 | Room 596<br>Grand Jury No. 06-1 |
| | DATE AND TIME |
| | January 17, 2007, 9:30 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

SEE ATTACHMENT.

PLEASE PROVIDE INFORMATION REQUESTED IN PAPER FORMAT.

IF YOU HAVE ANY QUESTIONS REGARDING THIS SUBPOENA, PLEASE CONTACT
SPECIAL AGENT RICHARD SMITH, IRS-CI, AT (321) 441-2671.

☐ Please see additional information on reverse

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| SHERYL L. LOESCH | November 22, 2006 |
| (BY) DEPUTY CLERK | |

This subpoena is issued on application
of the United States of America

PAUL I. PEREZ
United States Attorney

EXHIBIT
1

NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY
I. Randall Gold, Asst. U.S. Attorney
501 West Church Street, Suite 300
Orlando, Florida 32805  Ph: (407) 648-7500

*If not applicable, enter "none"

Attachment to Subpoena issued to: Presidion Solutions, Inc.

For the period: January 1, 2004 -- Present

Any and all records and books relative to:

Presidion Solutions, Inc.

To include but not limited to:

ALL CORPORATE BOOKKEEPING RECORDS and other financial records including General Ledger, General Journals, all Subsidiary Ledgers and Journals, Gross Receipts and Income records, Cash Receipts and Disbursement records and/or Journals, sales and Purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records, Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks.)

Inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records. Records and work-papers reflecting the purchase, basis and depreciable life of assets. Records and work-papers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

Corporate Minute Book, Stock Register or other records reflecting ownership of corporate stock. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of corporate records or tax returns. Retained copies of all federal and state income, payroll and excise tax returns.

SAVINGS ACCOUNT RECORDS: Including passbooks or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.

CHECKING ACCOUNT RECORDS: Including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued.

LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loans correspondence files and internal memoranda relative to these loans.

Any and all records pertaining to stock purchases, sales, or transfers involving Presidion Solutions, Inc.

Any and all organizational charts

A listing of all employees, shareholders, officers, board of directors, partners, and consultants

Any and all documentation showing Frank Amodeo's relationship to the company

Any and all documentation showing Frank Amodeo's financial stake or financial interest in the company

Any and all consulting contracts between Frank Amodeo and the company, including any that have been terminated

Any and all documentation showing payments to Frank Amodeo

Any and all documentation relating to Atlas Welding, Atlas Structural, Community Health Solutions of America, LLC., Bencomp National Corp, Cadent Underwriters, Inc., Cadent Administrators, Inc, Smith International, including but not limited to documentation of loans, sales contracts, membership interest purchase agreements, operating agreements, line of credit agreements, amortization schedules, credit reports, investigative reports, line of credit promissory notes, security agreements, subordination agreements

AO 110 (Rev. 12/89) Subpoena to Testify Before Grand Jury

USAO No. 2006R01957
Subpoena No. 38

# United States District Court

MIDDLE ———————— DISTRICT OF ———————— FLORIDA
ORLANDO DIVISION

TO:

PRESIDION SOLUTIONS, VII, INC.
RECORDS CUSTODIAN
1861 N. FEDERAL HWY., SUITE 158
HOLLYWOOD, FL 33020

## SUBPOENA TO TESTIFY
## BEFORE GRAND JURY

SUBPOENA FOR:
☐ PERSON    ☒ DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| United States District Court<br>80 North Hughey Avenue<br>Orlando, Florida 32801 | Room 596<br>Grand Jury No. 06-1 |
| | DATE AND TIME |
| | January 17, 2007, 9:30 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

SEE ATTACHMENT.

PLEASE PROVIDE INFORMATION REQUESTED IN PAPER FORMAT.

IF YOU HAVE ANY QUESTIONS REGARDING THIS SUBPOENA, PLEASE CONTACT
SPECIAL AGENT RICHARD SMITH, IRS-CI, AT (321) 441-2671.

☐ *Please see additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| SHERYL L. LOESCH | November 22, 2006 |
| (BY) DEPUTY CLERK | |
| *L. Schafer* | |

This subpoena is issued on application
of the United States of America

PAUL I. PEREZ
United States Attorney

NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY

I. Randall Gold, Asst. U.S. Attorney
501 West Church Street, Suite 300
Orlando, Florida 32805   Ph: (407) 648-7500

*If not applicable, enter "none"

Attachment to Subpoena issued to:  Presidion Solutions VII, Inc.

For the period:  January 1, 2004 – Present

Any and all records and books of relative:

Presidion Solutions VII, Inc.

To include but not limited to:

ALL CORPORATE BOOKKEEPING RECORDS and other financial records including General Ledger, General Journals, all Subsidiary Ledgers and Journals, Gross Receipts and income records, Cash Receipts and Disbursement records and/or Journals, sales and Purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records, Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency ) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks.)

Inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records.  Records and work-papers reflecting the purchase, basis and depreciable life of assets.  Records and work-papers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

Corporate Minute Book, Stock Register or other records reflecting ownership of corporate stock.  All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of corporate records or tax returns.  Retained copies of all federal and state income, payroll and excise tax returns.

SAVINGS ACCOUNT RECORDS:  Including passbooks or bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited, withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased.

CHECKING ACCOUNT RECORDS:  Including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued.

LOAN RECORDS: Including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loans correspondence files and internal memoranda relative to these loans.

Any and all organizational charts

A listing of all employees, shareholders, officers, board of directors, partners, and consultants

Any and all documentation showing Frank Amodeo's relationship to the company

Any and all documentation showing Frank Amodeo's financial stake or financial interest in the company

Any and all consulting contracts between Frank Amodeo and the company, including any that have been terminated

Any and all documentation showing payments to Frank Amodeo

Any and all documentation relating to Atlas Welding, Atlas Structural, Community Health Solutions of America, LLC., Bencomp National Corp, Cadent Underwriters, Inc., Cadent Administrators, Inc, Smith International, including but not limited to documentation of loans, sales contracts, membership interest purchase agreements, operating agreements, line of credit agreements, amortization schedules, credit reports, investigative reports, line of credit promissory notes, security agreements, subordination agreements

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-80797-CIV-HURLEY/HOPKINS

SHERRY BARKOSKIE,

      Plaintiff,

v.

PRESIDION SOLUTIONS, INC.,
PRESIDION SOLUTIONS VII, INC., and
CCI OF WEST BOCA RATON, INC.
d/b/a DENNY'S,

      Defendants.

_____/

### ORDER GRANTING MODIFICATION OF PRIOR ORDER SETTING TRIAL DATE & DISCOVERY DEADLINES, REFERRING CASE TO MEDIATION & REFERRING DISCOVERY TO UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the Defendants' Unopposed Motion for Modification of the Court's Order, Dated October 11, 2007, or, in the Alternative, for Continuance and Incorporated Memorandum of Law. It is thereupon, ORDERED and ADJUDGED:

1.      The Motion is GRANTED;

2.      Paragraph 2 of the Court's prior Order Setting Trial Date & Discovery Deadlines, Referring Case to Mediation & Referring Discovery to United States Magistrate Judge, dated October 11, 2007, is hereby modified to read as follows:

      This case is set for trial on the **July 2008 Trial Calendar** (5 week docket) which commences on **Monday, July 7, 2008.** Counsel for all parties shall appear at a calendar call commencing at **2:00 p.m.** on **Friday, June 27, 2008,** in courtroom 5 of the U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida.



3.      All other paragraphs of the Court's prior Order Setting Trial Date & Discovery

Deadlines, Referring Case to Mediation & Referring Discovery to United States Magistrate Judge,

dated October 11, 2007, remain unmodified and in effect.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this _____ day of

_____, 2007.

                                        _____
                                        Daniel T. K. Hurley
                                        United States District Judge

*Copy provided to counsel:*

## Service List

CASE NO:  07-80797-CIV-HURLEY/HOPKINS

Christopher D. Gray (Fla. Bar No. 902004)
cdg@florinroebig.com
Wolfgang M. Florin (Fla. Bar No. 907804)
wmf@florinroebig.com
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431
Telephone:  (561) 989-5414
Facsimile:  (561) 989-5416
Attorneys for Plaintiff

York M. Flik (Fla. Bar No. 101109)
yflik@anblaw.com
Allen Norton & Blue
121 Majorca Ave., Suite 300
Coral Gables, Florida 33134
Telephone:  (305) 445-7801
Facsimile:  (305) 442-1578
Attorneys Defendant CCI of West
Boca, Inc.

Gregory C. Harrell (Fla. Bar No. 0173975)
gharrell@mateerharbert.com
Mateer & Harbert, P.A.
7 E. Silver Springs Blvd., Suite 500
Ocala, Florida  34470
Telephone:  (352) 351-8003
Facsimile:  (352) 351-9002
Attorneys for Defendants Presidion
Solutions, Inc. and Presidion
Solutions VII, Inc.